# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

**Stefan Odell Rodgers,**
    **Petitioner,**

v.      1:17cv150 (AJT/IDD)

**Warden Hamilton,**
    **Respondent.**

## MEMORANDUM OPINION

Stefan Odell Rodgers, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of convictions entered in the Circuit Court of King and Queen County. Case Nos. CR12-15-00 - CR12-15-06. Before the Court is the respondent's Motion to Dismiss the petition.

### I. Background

On March 6, 2013, Rodgers was found guilty following a bench trial of seven counts of distribution of cocaine, second offense. He was sentenced to 140 years imprisonment with 105 years suspended.

Rodgers pursued a direct appeal before the Court of Appeals of Virginia, raising the sole claim that the evidence was insufficient to sustain the convictions because the trial court erroneously accepted the unsubstantiated and unreliable testimony of a confidential informant. A judge of that court denied the petition for appeal on October 31, 2013. Rodgers v. Commonwealth, R. No. 0821-13-2 (Va. Ct. App. Oct. 31, 2013); Resp. Ex. A. On January 14, 2014, petitioner's request for review by a three-judge panel was denied.

Petitioner sought further review by the Supreme Court of Virginia. His petition for

appeal was refused on November 25, 2014. Rodgers v. Commonwealth, R. No. 141024 (Va. Nov. 25, 2015).

On October 30, 2015, Rodgers filed a petition for a state writ of habeas corpus in the trial court, raising the following claims:

> A. His trial counsel provided ineffective assistance by:
>
>    1. Failing to perfect his appeal;
>
>    2. Making mistakes and errors during trial;
>
>    3. Failing to properly test the Commonwealth's case;
>
>    4. Failing to object to the admission of irrelevant evidence; and
>
>    5. Failing to preserve issues for appeal.
>
> B. The Commonwealth's Attorney was guilty of prosecutorial misconduct.
>
> C. The evidence was insufficient to sustain the conviction "because there existed no credible evidence of the transactions alleged."

In an Order entered on December 23, 2015, the circuit court denied and dismissed the petition. Specifically, it determined that claim A should be dismissed because petitioner had failed to show that his attorney was ineffective pursuant to Strickland v. Washington, 466 U.S. 668 (1984), and that because claims B and C could have been raised at trial and on direct appeal, they were barred by the doctrine of Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974) and were not cognizable in habeas corpus. Case No. CL15000066-00; Resp. Ex. B. Rodgers appealed that decision to the Supreme Court of Virginia, and that Court dismissed the appeal

pursuant to Rule 5:17(c)(1)(iii) on the holding that "the assignments of error in the petition for appeal are insufficient as they do not address the circuit court's ruling in ... Circuit Court Case No. CL15000066-00, from which an appeal is sought." Rodgers v. Clarke, R. No. 160265 (Va. June 14, 2016); Resp. Ex. D.

Rodgers then turned to the federal forum and timely filed the instant application for relief pursuant to § 2254, raising the following claims:

> 1. The trial court failed to consider that the evidence was insufficient to establish his guilt because the certificate of analysis was admitted without the testimony of an analyst who could have been cross-examined.
>
> 2. The Commonwealth's Attorney was guilty of misconduct because "the defendant had a tenous [sic] time getting case file material/counsel's negligence not aware of misconduct." The prosecutor "committed egregious errors by soliciting testimony concerning surveillance equipment...."
>
> 3. "Everything referred to concerning the States Habeas Corpus initially mentioned."
>
> 4. Trial counsel failed to challenge the admissibility of the Commonwealth's certificates of analysis.[1]

On April 10, 2017, respondent filed a Rule 5 Response and a Motion to Dismiss the petition with a supporting brief and exhibits, and provided petitioner with the notice required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7K. [Dkt. No. 8 - 11] Petitioner subsequently filed an opposition. [Dkt. No. 15] Accordingly, this matter is ripe for

---

[1]Claim 4 as listed here does not appear on the form § 2254 petition and instead is raised in what appears to be petitioner's supporting memorandum. [Dkt. No. 1, Att. 1 at 4]

3

disposition.

## II. Exhaustion and Procedural Default

Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982). To comply with the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364 (1995). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910-11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275-78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D.Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court ... [are] the same as those advanced at least once to the highest state court.").

In addition, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law

4

ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." Id. (quoting Gray, 518 U.S. at 162).

### III. Analysis

None of the claims Rodgers raises in this federal petition has been exhausted. Rodgers raised his present Claims 1 (insufficient evidence because the certificates of analysis were admitted without an analyst) and 2 (prosecutorial misconduct) in the state habeas petition he filed in the circuit court, Resp. Ex. B, but he failed to include them in his petition for appeal to the Supreme Court of Virginia. Resp. Ex. C. Therefore, those claims are not exhausted. Matthews, 105 F.3d at 910-11.[2] Claims 3 and 4 were never presented in any state court proceeding, so they likewise remain unexhausted. Morever, all of petitioner's unexhausted claims are incapable of exhaustion, because were they now to be presented to the state courts they would be dismissed as both untimely, Va. Code § 8.01-654(A)(2), and successive, Va. Code § 8.01-654(B)(2). Therefore, the claims are defaulted for purposes of federal habeas review. See Bassette v. Thompson, 915 F.2d 932 (4th Cir. 1990).

Federal courts may not review a barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). Here, after respondent invoked the defense of procedural bar in the brief supporting his Motion to Dismiss, petitioner filed an opposition. [Dkt. No. 15] He contends first that the

---

[2]It is important to note that the claim of insufficient evidence petitioner raised on direct appeal was predicated solely on the trial court's allegedly erroneous acceptance of unsubstantiated and unreliable testimony by a confidential informant. Here, on the other hand, he advances the distinct argument that the evidence was insufficient because certificates of analysis were admitted in the absence of testimony from an analyst who could have been cross-examined. Under these circumstances, the claim raised in this federal proceeding was not exhausted on direct appeal. Pruett, 771 F.Supp. at 1436.

argument he makes here regarding insufficiency of the evidence was his attempt to add "clarity and strength to the issues elaborated on ... the direct appeal and writ of habeas corpus ...." Id. at 3. However, regardless of what may have been petitioner's subjective intent, in fact the insufficient evidence claim raised on direct appeal and the one raised here are wholly disparate, see n. 2, supra, and for the reasons stated above the instant claim accordingly is unexhausted and procedurally defaulted.[3]

Petitioner in his opposition also invokes the rule of Martinez v. Ryan, 566 U.S. 1 (2012). In Martinez, the Supreme Court

> ... held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the 'cause' for default 'consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding'; (3) 'the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim'; and (4) state law requires 'requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding.

Fowler v. Joyner, 753 F.3d 446, 461 (4th Cir. 2014), quoting Trevino v. Thaler, 569 U.S. at ___, 133 S. Ct. 1911, 1918 (2013). The Fourth Circuit has interpreted Martinez as creating a "narrow exception" to the general rule announced in Coleman v. Thompson, 501 U.S. 722, 754-55 (1991) that "an attorney's ignorance or inadvertence in a post-conviction proceeding does not qualify as

---

[3]Petitioner declares at one point in his opposition that "[t]he issues dealing with the 'Certificate of Analysis' as recommended by the Confrontation Clause were precisely and vividly referred to in the brief for Direct Appeal." Dkt. No. 15 at 4. That is simply incorrect. Careful review of petitioner's Amended Petition for Appeal reveals that the argument presented there dealt exclusively with the propriety of admitting the testimony of the confidential informant, and in fact contains no mention of the certificates of analysis. R. No. 0821-13-2.

6

cause to excuse a procedural default." Now under Martinez, "inadequate assistance of counsel [or no counsel] at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id., 566 U.S. at 9.

Martinez does not apply to permit review of Rodgers' present ineffective assistance claim because the allegations he presents are not sufficiently "substantial" to come within the "narrow exception" created by Martinez. As the Court in that case stressed, "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Martinez, 132 S. Ct. at 1318. It is the petitioner's burden to demonstrate that his claims are "substantial." Fowler, 753 F.3d at 461. Petitioner here fails to make such a showing.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy Strickland's prejudice

7

prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

On direct appeal, the Court of Appeals summarized the evidence presented at trial as follows:[4]

> [T]he evidence proved that Charles Pollard, the confidential informant, knew [Rodgers]. Pollard testified on October 20, 2011, police officers searched him, searched his car, fitted him with surveillance equipment, gave him money, and he called [Rodgers] to arrange to purchase cocaine. Pollard met [Rodgers] at an agreed location and purchased an item later determined to be cocaine. The officers followed Pollard, but Pollard was out of sight for ten to fifteen minutes. ... Pollard later met the police officers at an agreed location. A video of the transaction showed Pollard approaching a car where [Rodgers] was seated and [Rodgers] sticking his hand out a window. ...

---

[4]Because a federal court on habeas review of a state conviction must defer to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state court's recitation of the salient facts.

> On [six subsequent dates] the officers met Pollard, and the officers
> followed the same preparations for Pollard to purchase cocaine from
> [Rodgers]. Pollard testified he purchased cocaine from appellant each
> time. The surveillance recordings were admitted into evidence.

Rodgers v. Commonwealth, Resp. Ex. A, slip op. at 2-3.

In his current claim of ineffective assistance, Rodgers contends that counsel undermined the constitutionality of the trial by failing to challenge the admissibility of the Commonwealth's certificates of analysis. Before trial, the Commonwealth notified defense counsel in compliance with Va. Code § 19.2-187.1 that certificates of analysis would be offered at trial. Resp. Ex. E. Defense counsel's failure to request that the analysts be produced is what Rodgers characterizes as ineffective assistance, but in context it plainly was a strategic choice by counsel. The trial record establishes that, rather than trying to establish that analysts at the Virginia Department of Forensic Services had incorrectly determined on seven occasions that the substance Rodgers sold was cocaine, counsel chose instead to attempt to undermine the informant's credibility and to point out the unreliability of the surveillance equipment. (Tr. 12/11/12 at 182-85)

It is well settled in federal jurisprudence that "'strategic choices made [by counsel] after thorough investigation ... are virtually unchallengeable....'" Gray v. Branker, 529 F.3d 220, 229 (4th Cir.), cert. denied, 129 S. Ct. 1579 (2009), quoting Strickland, 446 U.S. at 690-91. A considered choice regarding the use of defenses is one such strategic choice, and it consequently is entitled to a "strong presumption" that it amounted to reasonable professional assistance. Cardwell v. Netherland, 971 F.Supp. 997, 1019 (E.D. Va. 1997); Strickland, 466 U.S. at 689. Moreover, Rodgers cannot show that he suffered prejudice as the result of counsel's choice. There is no suggestion that any of the analyses were faulty in any way. The identity of the drugs Rodgers sold and the manner in which the samples were maintained and tested after being

9

obtained by the confidential informant were fully established at trial through the testimony of Deputy Frank Cecil of the King and Queen County Sheriff's Department, who ran the drug operation. Tr. 12/11/12 at 35-36, 165-68. For these reasons, petitioner's defaulted claim of ineffective assistance satisfies neither component of the Strickland test and consequently has not been shown to be of sufficient substance to merit application of the Martinez exception.

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and this petition for habeas corpus relief will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 7th day of November 2017.

Alexandria, Virginia

/s/
Anthony J. Trenga
United States District Judge